George M. LEVEY, Claimant
and Appellant,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Respondent and Appellee.

Civ. No. 880033.

Supreme Court of North Dakota.

June 28, 1988.

Deborah J. Carpenter, Bismarck, for claimant and appellant.

Dean J. Haas, Asst. Atty. Gen., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

George M. Levey appealed from a district court judgment affirming an order of the North Dakota Workers Compensation Bureau (Bureau) awarding him vocational rehabilitation benefits for two years. We affirm.

Levey injured his back during the course of his employment as an electrician in April of 1984. Subsequently Levey filed an application with the Bureau for workers compensation benefits. The Bureau ultimately accepted liability for Levey's medical expenses and paid disability benefits to him.

After it was shown that continued employment as an electrician would cause the back injury to recur, Levey and the Bureau determined that Levey should undertake vocational rehabilitation as provided for in Chapter 65–05.1, N.D.C.C. Because Levey was interested in mathematics and science he enrolled at Bismarck State College in 1986 in order to pursue a four-year degree enabling him to teach mathematics and science at a secondary level.

After reviewing Levey's file the Bureau issued an order on October 13, 1986, concluding that a two-year rehabilitation program would be sufficient to allow Levey to return to employment and ordering him to enter into a rehabilitation contract with the Bureau as provided in Section 65–05.1–05, N.D.C.C., within 30 days of the order. That order further provided:

"if claimant fails to enter into a rehabilitation contract with the Bureau as ordered without showing reasonable cause for such failure, the claimant's failure shall constitute noncompliance and benefits in connection with the claimant's injury on March 27, 1984, shall be discontinued; ..."

Subsequently Levey acquired counsel to pursue his claim that he was entitled to

four years of vocational rehabilitation benefits. In a letter dated October 27, 1986, Levey's counsel informed the Bureau that Levey intended to appeal the Bureau's order. The Bureau considered this a request for rehearing pursuant to Section 28-32-14, N.D.C.C., and asked that Levey submit a statement of what further would be shown at such a hearing pursuant to that statute. Levey did not respond. The Bureau again asked for this information in December of 1986 and in January of 1987. No response was received.

The Bureau discontinued payment of disability benefits to Levey in February of 1987 because he had failed to enter into a rehabilitation contract or to show reasonable cause why he should not enter into such a contract. After Levey indicated that additional evidence would be introduced at a hearing, the disability benefits were reinstated, retroactive to the date they were discontinued.

A hearing was set for April of 1987. It was canceled due to settlement negotiations. When those negotiations failed, a hearing was set for July 8, 1987. As a result of that hearing the Bureau awarded Levey vocational rehabilitation benefits for two years, retroactive to the fall of 1986. Levey then appealed that order to the district court. The district court entered a judgment affirming the order. It is from that judgment that Levey appealed.

### I

Levey first argues that the Bureau erred in awarding him vocational rehabilitation benefits for only two years rather than the four years to which he believes he is entitled.[1] When we consider an appeal from a judgment of the district court reviewing the decision of an administrative agency, we review the decision of the agency, not the decision of the district court. E.g., *Grace v. North Dakota Workmen's Comp. Bureau,* 395 N.W.2d 576 (N.D.1986). The scope of review of decisions made by ad-

ministrative agencies is set forth at Section 28-32-19, N.D.C.C. Our review of the factual basis of an order made by an administrative agency is conducted in a three-step process wherein we determine "(1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; and (3) if the agency decision is supported by the conclusions of law." *Skjefte v. Job Service North Dakota,* 392 N.W.2d 815, 817 (N.D.1986).

■ In this case the Bureau awarded Levey vocational rehabilitation benefits for a period of two years after concluding that Levey was entitled to a period of vocational rehabilitation which would allow him to acquire skills with which he could seek reemployment. A review of the record in this case reveals that there was evidence introduced at the hearing that: (1) the Bureau normally awards only two years of vocational rehabilitation benefits, (2) Levey was informed prior to enrolling in a four-year program that the Bureau normally grants only two years of vocational rehabilitation benefits, and (3) there are numerous two-year-degree programs for persons interested in mathematics and science which would qualify a person for employment. The facts form a sufficient basis for a reasoning mind to "have reasonably determined that the factual conclusions were supported by the weight of the evidence." *Skjefte,* 392 N.W.2d at 818. Therefore, the Bureau's order must be affirmed.

### II

Levey next argues that his constitutional right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, was violated when the Bureau terminated his disability benefits because he had failed to enter into a vocational rehabilitation contract as required by the Bureau's order of October 13, 1986. He argues that the Bureau failed

---

1. Although it has no effect on our decision in this case, we note that in 1987 the Legislature amended Section 65-05.1-06 to limit the amount of rehabilitation benefits which the Bureau may award to not exceed "an amount equal to two years' weekly compensation and dependent benefits plus twenty-five percent, except in cases of catastrophic injury ..." See 1987 N.D.Sess.Laws ch. 756, § 1.

to give him notice of the termination and a hearing prior to termination, thus denying him procedural due process. See *Beckler v. N.D. Workers Comp. Bureau,* 418 N.W. 2d 770 (N.D.1988).

■ We decline to address this contention. Approximately two months after it terminated Levey's disability benefits the Bureau reinstated those benefits retroactive to the date of termination, following further correspondence with Levey. Thus, even if Levey were able to show a denial of procedural due process at the time of termination, those benefits were soon thereafter restored to him. It would serve no purpose to require the Bureau to afford Levey some extra process which he might be entitled to in order to protect him from an erroneous deprivation of benefits, when those benefits had already been restored to him.[2]

### III

■ Finally, Levey contends that the Bureau's action in putting into writing a proposed stipulation for settlement established a contract. Levey notes that following oral settlement negotiations counsel for the Bureau sent to him a written proposed stipulation which would have provided him rehabilitation benefits for two years from the date of its signing. He argues that this was a written offer which he accepted.

The Bureau argues that this was just another step in the process of settlement negotiations. Levey admits that during negotiations he was told by the Bureau that, pursuant to Section 65–02–12, N.D.C.C., a quorum of the Bureau's commissioners must approve an agreement before it is effective. The record does not reveal that any such approval occurred, nor did Levey offer evidence of such approval. Without determining whether there was a firm offer, it is clear that, had there been such an offer, the approval of the commissioners was a condition precedent to a contract, which was necessary to be had before a contract could exist. See *Kruger v. Soreide,* 246 N.W.2d 764 (N.D.1976); *Lilly v. Haynes Co-op. Coal Mining Co.,* 50 N.D. 465, 196 N.W. 556 (1923). Because there was no approval there could be no contract.[3]

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

2. If we were to consider this issue we believe its merits would be questionable. The essential requirements of due process "are notice and an opportunity to respond." *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). In this case the Bureau's order of October 13, 1986, informed Levey that if he failed to enter into a rehabilitation contract within 30 days "without showing reasonable cause for such failure" his benefits would be discontinued. Thus it appears that the order gave Levey notice of the proposed action and that it gave him an opportunity to respond. In addition, the Bureau waited approximately four months for Levey to comply with the order before it finally discontinued his benefits.

3. At oral argument counsel for Levey was asked whether the issues raised in parts II and III of our opinion were based on a theory that the

Bureau should be estopped from arguing that two years of vocational rehabilitation benefits were sufficient to return Levey to an employable status. Counsel stated that while the contentions are similar to estoppel, they are not based on estoppel. We note that:

"While 'estoppel against the government is not absolutely barred as a matter of law ... the doctrine is not one which should be applied freely against the government.' *Blocker Drilling Canada, Ltd. v. Conrad,* 354 N.W.2d 912, 920 (N.D.1984).

"'Estoppels against the public are little favored. They should not be invoked except in rare and unusual circumstances, and may not be invoked where they would operate to defeat the effective operation of a policy adopted to protect the public.' Syllabus 4, *Abbey v. State,* 202 N.W.2d 844 (N.D.1972)." *City of Minot v. Johnston,* 379 N.W.2d 275, 278 (N.D.1985).